UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN SISTI,<br><br>                Plaintiff,<br>   v.<br><br>SELIM ZHERKA, ET AL.,<br><br>                Defendants. | 3:11 - CV- 364 (CSH)<br><br><br><br><br><br>JUNE 11, 2014 |

## ORDER OF DISMISSAL

**HAIGHT, Senior District Judge:**

      This is a federal diversity action where Plaintiff Kevin Sisti is suing Selim Zherka and associates for fraud or truth-in-lending over an investment of six million dollars directed toward the financing of two apartment complexes, Lodge North Apartments and the Pheasant Run Apartments [Doc. 1]. The Plaintiff alleges he was never paid any of the ten percent annual return compromised by Zherka. *Id.*  Thus, he brought this action against Defendants Zherka, Zherka's holding companies that owned the properties (herein "Zherka et al."), namely Lodge North Investors-07, LLC and TN Metro Holdings XII, LLC, and Sovereign Bank, which provided a loan to Zherka et al. with the apartment complexes as collateral. *Id.*  The Sovereign loan, undisclosed to the Plaintiff, is allegedly the impetus for the investment request, as the Plaintiff's funds were used by Zherka et al. in connection with the taking of the loan. *Id.*  Zherka et al. later filed crossclaims against Sovereign Bank for fraudulently inducing Zherka et al. to refinance for a loan based on a faulty appraisal that over-represented the value of the properties [Docs. 11-13]. Zherka et al. also joined Federal National Mortgage Association (FNMA) as a third-party

defendant over the same allegations, since FNMA now holds the Sovereign loan [Docs. 14-15]. Nonetheless, the Court has since granted Sovereign Bank and FNMA's Motions to Dismiss [Docs. 27-30], leaving Zherka et al. as the only remaining defendants in the matter.

However, there has been no action in the case for over two years since the Court's dismissal of Sovereign Bank and FNMA on January 10, 2012 [Docs. 27-30] and a vacated order on April 27, 2012 [Doc. 33]. Pursuant to Federal Rules of Civil Procedure 41(b), the Court may dismiss the action for failure to prosecute by the parties, which the Court warned the parties against in an Order dated March 17, 2014 [Doc. 34] directing the Plaintiff to notify the Court by May 14, 2014 on the future status of representation upon the sentencing of Plaintiff's attorney, Genevieve Salvatore, to prison. May 14 has come and gone, and the Court has not heard from either party. Therefore, the Clerk is directed to enter a Local Rule 41(a) notice of proposed dismissal.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        June 11, 2014

 /s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge